```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

SCR CONSTRUCTION CO., INC., §
§
    Plaintiff, §
§
v. §    CIVIL ACTION NO. H-08-2992
§
FIDELITY AND DEPOSIT COMPANY §
OF MARYLAND and COLONIAL §
AMERICAN CASUALTY AND SURETY §
COMPANY, §
§
    Defendants. §

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

Pending are Defendants Fidelity and Deposit Company of Maryland and Colonial American Casualty and Surety Company's (collectively, "Sureties") Motion for Summary Judgment (Document No. 7) and Plaintiff SCR Construction Co., Inc.'s ("SCR") Cross-Motion for Partial Summary Judgment (Document No. 9).

After having carefully considered the motions, responses, oral arguments of counsel at the hearing held on June 11, 2009, and having very carefully examined the Completion Agreement made by Plaintiff and Defendants dated October 24, 2005, the Court finds that the dispute in this case boils down to the meaning of one sentence in paragraph 7 of the Completion Agreement, as follows:

> If Change Orders increase the *amount of the Contract* between Surety and Completion Contractor, the *revised Final Contract amount* will be the basis of the 50% "Savings Share" as detailed above.

Document No. 9, ex. A-1, ¶ 7 (emphases added).

The Completion Agreement between these parties identifies in its initial Recital on page 1 that the term "Original Contract" refers to the contract between Contractor Technology Ltd. and the Texas Department of Transportation dated February 24, 2005. References are thereafter made to the "Original Contract" in the last three recital paragraphs on page 1 of the Completion Agreement and then, repeatedly, in 12 of the 28 separately numbered paragraphs that compose the entirety of the Completion Agreement. The Completion Agreement is clear as to which document is referred to by use of the term, "Original Contract."

The Completion Agreement identifies in the last Recital paragraph on page 1 that the term "Agreement" refers to the Completion Agreement itself. The term "Agreement" is used in 23 of the 28 separately numbered paragraphs that compose the entirety of the Completion Agreement. Again, the Completion Agreement is clear as to which document is referred to by use of the term, "Agreement."

At no place in the entire Completion Agreement, however, is there any definition of the term "Contract" or the phrase "amount of the Contract," which are found in the disputed sentence of paragraph 7, nor is there any definition of the term "Final Contract" or the phrase "revised Final Contract amount," which are found in the disputed sentence of paragraph 7. As just observed,

those terms are never defined or explained at any other place in the entirety of the Completion Agreement.

The parties have advanced diametrically opposing definitions of these terms. Sureties construe "amount of the Contract" to be the amount to which Plaintiff is entitled to be paid upon completion of the original scope of the work based on unit prices and quantities set forth in the Bid Form, which was $5,460,971.64, and the "revised Final Contract amount" to be the amount to which Plaintiff is entitled to be paid upon completion of the original scope of the work plus work included in additive Change Orders ($782,209.25), or a total of $6,243,180.89, again based on unit prices and quantities set forth in the Bid Form. The minuend for computing the "Savings Share" remains fixed at $7,273,450.56 in Sureties' interpretation. Plaintiff, on the other hand, construes the "amount of the Contract" to be $7,273,450.56, *i.e.*, the sum specified in paragraph 7 of the Completion Agreement as the maximum amount that potentially could be paid for performance of the work, and the "revised Final Contract amount" to be $7,273,450.56 plus the amount of additive Change Orders ($782,209.25), for a total of $8,055,659.81. The subtrahend for computing the "Savings Share" remains fixed at $5,460,971.64 in Plaintiff's interpretation.

Examining the disputed sentence and its terms with reference to the Completion Agreement as a whole provides no interpretive insight because the disputed terms have no definitions and are

never explained in any part of the Completion Agreement.  The Court finds that the disputed terms and this sentence of paragraph 7 of the Completion Agreement are ambiguous.  A fact issue therefore remains to be determined at trial, where parol evidence may be received, to determine the parties' intent.  Accordingly, it is

ORDERED that Defendants' Motion for Summary Judgment (Document No. 7) and Plaintiff's Cross-Motion for Partial Summary Judgment (Document No. 9) are both DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 18th day of June, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE